The opinion of the court was delivered by
Duncan, J.
This is a question of costs, brought up on a writ of error, from a judgment of the Court of Common Pleas on a case stated, in the nature of a special verdict. The witnesses on the part of the prosecution, are entitled to their allowance for attendance, and the nolle prosequi ought not to have been entered, without a stipulation on the part of the prosecution, or the defendant, to pay them, even had the attorney general possessed the power of entering it; for I cannot find in any fee bill, the costs of prosecution cast on the county, where the indictment has been found, unless, on a verdict of acquittal, the jury return the costs to be paid by the county; but this power of the attorney general, except in the certain specified cases, is taken away by the act of the 29th of March, 1819. In the fee bill of 1752, Prov. L. Gall. Ed. 242, the fees of the attorney general, in all capital cases, are thirty-six shillings, to be paid by the party indicted. If not found by the grand inquest, twelve shillings, to be paid by the county; every other matter, by bill of indictment, eighteen shillings; if not found, to be paid by the county, nine shillings. By the supplement to the penal laws of the 23d of September, 1791, it is provided, that the costs of a bill returned ignoramus, shall be paid by the county, 3 Sm. L. 44, sect. 15; and that the costs, on conviction of capital offences, or where the imprisonment is at hard labour for a length of time, shall be paid by the county, where the convict has not an estate to pay it. By the act of the 20th of March, 1797, 3 Smith, 281, costs, on an acquittal, were direeted to be paid by the county, and this was again altered by the act of the 7th of December, 1804, 4 Smith, 205, which provides, that in all cases of prosecution, felony only excepted, the grand jury, returning a bill of ignoramus, shall decide and certify, whether the county or prosecutor should pay the costs; and in all acquittals by a petit jury, they shall determine by the verdict, whether the county, dr the prosecutor or defendant shall pay the costs of prosecution. I agree with the Court of Common Pleas, that the first section of the act of 1814, does not embrace this case, because the defendant was not convicted, and was not discharged according to law, without payment of costs; he was not tried. That provision extends to cases, where the party may be discharged under the act of insolvency; where-judgment has been arrested or reversed on error; there it is unreasonable the officers and witnesses should lose their costs; or to a ease where one convicted is pardoned before sentence, as in The Commonwealth v. Matthew Duncan. The entry of the nolle prosequi, was neither the act nor judgment of the court, nor was the defendant discharged from that judgment. A nolle pro- *96 seguí is never the act of the court, but of the attorney general. The prosecutor cannot do it. The court knows nothing of the charge or of the evidence until the matter is brought before them, either by motion to quash the indictment, demurrer,'or on a trial of the issue. The effect of it is, to put the defendant without day; his recognizance is discharged; but it does not operate as an acquittal, for he may be re-indicted; it does not operate as a final dismission of the indictment, for on that indictment fresh process may be awarded, 1 Chitty, 480. 6 Mod. 261. If the nolle prosequi had been the judgment of the Court of Quarter Sessions, if the county had been decreed by the Court to pay the costs, there, as the judgment was a matter within the jurisdiction of the Court of Quarter Sessions, the Court of Common Pleas, could not inquire into the error, nor could this court, in this collateral, original action; but the entry of the nolle prosequi, county for easts, is not the mandate, judgment, decree, or order of the Court of Quarter Sessions, but of the attorney general; and, as lie had no authority to make the entry, so clearly he had no power to bind the commissioners. The concurrence or consent of the court, did not make it their judicial act; therefore the commissioners were not bound by it: and as there is no act of assembly directing the county to pay these costs, the plaintiff is not entitled to recover on the facts as stated in the special verdict, and the judgment tousfc bo affirmed.
Judgment affirmed.